IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION             MDL No. 2326

THIS DOCUMENT RELATES TO:

*Caffrey v. Boston Scientific Corp.*                    Civil Action No. 2:15-cv-02357

**MEMORANDUM OPINION & ORDER**

Pending before the court is Boston Scientific Corp.'s ("BSC") Motion to Dismiss for Failure to Timely Serve her Plaintiff Profile Form [ECF No. 10]. The plaintiff has responded to the motion [ECF No. 11], making it ripe for decision. For the reasons stated below, the motion is **GRANTED**.

**I.      Background**

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 75,000 cases currently pending, over 18,000 of which are in the BSC MDL, MDL 2326. Managing multidistrict litigation requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") # 16, for example, ensures that BSC receives the plaintiff-specific information necessary to defend the cases against it. Under PTO # 16, each plaintiff in this MDL must submit a Plaintiff Profile Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and responses to requests for production under Federal Rule

of Civil Procedure 34. (*See* PTO # 16, *In re: Boston Scientific Corp., Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-2326, entered Oct. 4, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/boston/orders.html). Each plaintiff must submit a PPF within 60 days of filing a Short Form Complaint. (*Id.* ¶ 1b). Failure to do so subjects the plaintiff "to sanctions, to be determined by the court, upon motion of the defendants." (*Id.* ¶ 1i). The parties jointly drafted the requirements for PTO # 16, and I entered it as applicable to every one of the thousands of cases in this MDL. The plaintiff in this case, however, did not comply with PTO # 16 in that she failed to submit a completed PPF within the time allotted, and on this basis, the defendant now moves to dismiss the plaintiff's case.

## II.     Legal Standard

The Federal Rule of Civil Procedure 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 37 provides that where a party "fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders[,]" including orders dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v); *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) ("Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders.").

Case management is particularly important in MDLs. Pretrial orders such as PTO #16 "provide[] some necessary order and clarity to the pre-trial process without burdening plaintiff unduly." *Rabb v. Amatex Corp.*, 769 F.2d 996, 999 (4th Cir. 1985) (upholding a district court's dismissal of an asbestos case for failure to comply with a pretrial discovery order). In an MDL

containing thousands of individual cases, I must strictly enforce rules to ensure that all parties comply with deadlines and that the litigation flows smoothly and efficiently. *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *see also In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1229, 1232 (9th Cir. 2006) ("Case management orders are the engine that drives disposition on the merits [in MDLs].").

### III.   Analysis

Pursuant to PTO #16, each plaintiff is required to submit a completed PPF within 60 days of filing a Short Form Complaint. (PTO # 16, ¶ 1). The purpose of the PPF, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [and] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. To this end, PTO # 16 provided that "[i]f a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to these deficiency cure procedures." (*Id* ¶ 1g). Further, it stated that "[a]ny plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants." (*Id*. ¶ 1i).

The plaintiff filed her complaint on March 2, 2015, and her PPF was due to the defendant by May 1, 2015. On August 24, 2015, the defendant first moved to dismiss Ms. Caffrey's case for failure to provide her PPF. The plaintiff's counsel responded, arguing that they were unable to get in contact with Ms. Caffrey and, without her assistance, are unable to complete the PPF. On

October 13, 2015, I ordered that the plaintiff be given a further 30 business days to provide the PPF. (Order [ECF No. 8]). The plaintiff has not taken advantage of these extensions and, after several months, has not yet provided a PPF. On February 2, 2016, BSC again moved to dismiss the plaintiff's case for failure to timely serve her PPF. In response to the Motion to Dismiss, plaintiff's counsel admit that they do not have a completed PPF, and in explanation, they point to "the lack of response" from the plaintiff. (Resp. [ECF No. 11], at 2). This, however, does not justify the plaintiff's failure to comply with discovery.

The plaintiff is responsible for providing her counsel with any information needed to prosecute her case, including up-to-date contact information. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962) ("[A] civil plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit."). In turn, as set forth in PTO # 4, "[a]ll attorneys representing parties to this litigation . . . bear the responsibility to represent their individual client or clients." (PTO # 4 *In re: Boston Scientific Pelvic Repair System Prods. Liab. Litig.*, No. 2:12-md-002326 [ECF No. 103], ¶ C, entered Apr. 17, 2012, *available at* http://www.wvsd.uscourts.gov/MDL/boston/ orders.html). Together, the plaintiff and her counsel have the obligation "to move [the plaintiff's] case to trial." *West v. City of N.Y.*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). In doing so, they must be aware of the requirements of this court's pretrial orders, as well as the possible sanctions for noncompliance. *See id.* at 634 (stating that each party "is considered to have notice of all facts, notice of which can be charged upon the attorney" (internal quotations omitted)). PTO #16—*which was jointly drafted by both parties' counsel*— expressly states that the failure to timely submit a PPF could result in sanctions, including dismissal, as determined by the court upon motion by the defendants. (*See* PTO # 16, ¶ 1g).

The Supreme Court has observed that "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). This is particularly true in a large MDL such as this one. As other courts have explained,

> administering cases in multidistrict litigation is different from administering cases on a routine ECF No. . . . . Congress established MDL protocols to encourage efficiency. In order to do so, MDL courts must be able to establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial. MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders.

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (quoting in part *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d at 1229, 1232 (internal citations omitted)). In exercise of this discretion, I **FIND** that the appropriate sanction for the plaintiff's failure to timely file a PPF is dismissal.

### IV.    Conclusion

It is **ORDERED** that the defendant's Motion to Dismiss [ECF No. 10] is **GRANTED**, and the plaintiff's case is **DISMISSED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 3, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5